Thomson, P. J.
Thomas W. Vincent presented his petition for a writ of mandamus against the board of county commissioners of Hinsdale county. An alternative writ was issued, which seems to be defective in not containing any of the allegations of the petition. No point, however, was made upon the writ, and we shall pass it without comment. The petition averred the allowance by the board, in favor of the plaintiff, of claims to the amount of $107.70, a demand in due form, upon the board, to issue its warrant in payment of the sum allowed, and the refusal of the board so to do. The prayer was for an order requiring the respondent either to issue immediately its warrant upon the treasurer for the amount, or; in default of funds against which to draw, to provide for the payment of the sum allowed, by the levy of a tax. A demurrer to the petition was sustained, and the suit dismissed. The case is here on writ of error.
Properly the alternative writ is the first ■ pleading in the case, and the return to the writ performs the office of an answer to a complaint. Civil Code, sec. 311. However, as the command of the writ is to perform the act required in the petition, or show a cause why it should not be performed, if the facts stated in the writ are insufficient to entitle the plaintiff to the relief sought, the return may be in the nature of a demurrer. People v. Salomon, 46 Ill. 333. Here the petition seems to have been regarded as a complaint, and the demurrer was interposed to it. Both parties acquiesced in this method of testing the plaintiff’s statement of his cause of action, and we shall adopt their view of the subject, and confine ourselves to the petition.
Mandamus lies to compel the performance of some specific *42 duty enjoined by law. The party applying for the writ must be able to show clearly that he has the legal right to the performance of the particular act for which compulsory process is sought, and his averments must embrace every fact necessary to entitle him to the desired relief. People v. Spruance, 8 Colo. 307; High on Extraordinary Remedies, § 450. Now this petition, in respect to its allegations, is fatally defective. It does not follow that because a claim has been allowed a warrant must be issued for its payment, nor from the mere allowance of a claim does a duty arise to levy a tax. When the allowance is made, the law provides that it shall be paid by a county warrant drawn against the proper fund in the treasury, provided there is sufficient money in the treasury to the credit of that fund to pay the warrant. If there is not, then the warrant may be drawn against taxes levied and uncollected, but the sum total of warrants issued in anticipation of the collection of taxes, must not exceed eighty per centum of the whole amount of the levy. Session Laws, 1887, pp. 241, 242. For the purpose of paying outstanding warrants, and other floating indebtedness, there may be assessed and levied each year against the taxable property not to exceed three mills on the dollar. Session Laws, 1891, pp. 112, 290. This petition does not advise us of the condition of the treasury at the time the demand was made upon the board to issue its warrant. If there was not sufficient money to the credit of the proper fund for the payment of the warrant, it could not be lawfully issued, except in anticipation of money to come into the treasury from taxes levied and uncollected, and if eighty per centum of the amount of the levy had already been anticipated by warrants, it could not be issued at all. The petition contains no statement that there was money in the treasury out of which the warrant demanded might have been paid, or, if the money was not in the treasury, that eighty per centum of the levy of taxes yet to be collected was not already exhausted by the issue of warrants. The petition utterly fails in the statement of facts which would impose upon the board the duty of issuing the warrant.
*43 Nor does the petition show facts entitling the plaintiff to the levy of a tax. We know of no law which empowers the board of commissioners to levy a tax for the payment of a particular claim, unless it has been reduced to judgment. The statute allows a levy of three mills for the payment of outstanding warrants and floating indebtedness generally, but it contains no provision by which the board would be authorized to make a levy for the payment of the specific indebtedness mentioned in the petition. For aught that the petition shows the levy for which the statute provides may have been made, and there is no showing that the condition of the treasury was such, or that such an amount of anticipatory warrants had been dratyn, that the levy was necessary, or that, if it was necessary, the board ever refused to make it.
The judgment will be affirmed.

Affirmed.